## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### COURT FILE NO.: _____

| | |
|---|---|
| Claude E. Cassagne,<br><br>            Plaintiff,<br><br>v.<br><br>Fair Collections & Outsourcing, Inc.<br>and John Wallace,<br><br>            Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

### JURISDICTION

1.    This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

2.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

4.    Plaintiff Claude E. Cassagne (hereinafter "Plaintiff") is a natural person who resides in the City of Roseville, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant Fair Collections & Outsourcing, Inc. (hereinafter "Defendant FCO") is a foreign business operating from an address of 12304 Baltimore Avenue, Suite E, Beltsville, Maryland 20705, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.    Defendant John Wallace (hereinafter "Defendant Wallace"), whose true name is not yet known, is a natural person who was employed at all times relevant herein by Defendant FCO as a collection agent, not licensed to collect debts in Minnesota, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.    Sometime before October 2012, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, unpaid rent at an apartment in New Jersey.

8.    Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

9.    Plaintiff was never contacted about this debt by the original creditor, Fox Run Apartments, and disputes owing this debt.

### *Illegal Collection Call to Plaintiff*

10.   On or around October 9, 2012, Defendant Wallace of Defendant FCO called Plaintiff's cell phone and left a voicemail with Plaintiff in an attempt to collect this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11.   Defendant Wallace's October 9, 2012 voicemail to Plaintiff stated as follows:

> Hi this message is for Claude, Claude Cassagne. If you are not Claude Cassagne, please disconnect now. If you are, continue to listen. By continuing to listen, you acknowledge that you are Claude, Claude Cassagne. Claude, you should not hear this so others can hear it as it contains personal and private information. There will now be a three-second pause to allow you to listen to this message in private. [Pause]. My name is John Wallace and I'm calling from the offices of Fair Collections and Outsourcing. This is an attempt to collect a debt by a debt collector, and any information obtained is used for that purpose. Contact me directly at 240-374-5406. When calling, use reference number 3798639. Thank you.

12.   Defendants' October 9, 2012 collection call was made to Plaintiff at 7:49 a.m. local time while Plaintiff was at his home in Roseville, Minnesota.

13.   Defendants' October 9, 2012 collection call before 8 a.m. local time was made to Plaintiff at an inconvenient time in violation of the FDCPA at 15 U.S.C. § 1692c(a)(1).

14.   Defendants called Plaintiff's cell-phone five (5) more times in the next thirty-six hours in an attempt to collect this alleged debt from Plaintiff.

15.   These communications from Defendant FCO and Defendant Wallace were harassing, unfair, and illegal communications in an attempt to collect this debt, all done in violation of numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692d, 1692d(5), and 1692f, amongst others.

### *Illegal Collection Call to Plaintiff's Cousin*

16.   On or around October 10, 2012, Defendant Wallace of Defendant FCO called Plaintiff's cousin in Montana in an attempt to collect this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17.   Defendants' October 10, 2012 collection call to Plaintiff's cousin was made at 7:27 a.m. local time for Plaintiff's cousin while she was in Montana.

18.   Defendants' October 10, 2012 collection call before 8 a.m. local time was made to Plaintiff's cousin at an inconvenient time in violation of the FDCPA at 15 U.S.C. § 1692c(a)(1).

19.   During the October 10, 2012 collection call to Plaintiff's cousin, Defendant Wallace asked to speak with Claude Cassagne, and told Plaintiff's cousin that he needed to speak with Mr. Cassagne about a rental application, or words to that effect.

20.   Defendant Wallace's statement that he needed to speak with Plaintiff regarding a rental application, when in fact he was just attempting to collect this alleged debt from Plaintiff, was a false and misleading statement in violation of the FDCPA.

21.   Additionally, Defendant Wallace of Defendant FCO provided his name and number to Plaintiff's cousin, and asked that Plaintiff's cousin relay the message to Plaintiff to have him call Defendant Wallace, or words to that effect.

22.   Defendant Wallace left a message with Plaintiff's cousin and instructed her to contact Plaintiff regarding this debt, which was an act done in violation of the FDCPA at 15 U.S.C. §§ 1692b and 1692c(b).

23.   The October 10, 2012 collection call to Plaintiff's cousin ended shortly thereafter.

24.   After this conversation, Plaintiff's cousin contacted Plaintiff to tell him that John Wallace from Fair Collections & Outsourcing was calling for him about a rental.

25.   Plaintiff was extremely embarrassed, angered and frustrated when he found out that Defendants contacted his cousin in Montana.

26.   This communication from Defendant FCO and Defendant Wallace was a false, deceptive, unfair, and illegal communication in an attempt to collect this debt,

all done in violation of numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b, 1692b(1), 1692c(a)(1), 1692c(b), 1692d, 1692e, 1692e(10), and 1692f, amongst others.

### *Summary*

27.   All of the above-described collection communications made to Plaintiff by these individual Defendants and other collection employees employed by Defendants were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

28.   Plaintiff has suffered actual damages as a result of Defendants' illegal conduct in the form anger, anxiety, emotional distress, frustration, upset, and embarrassment, amongst other negative emotions.

### *Respondeat Superior Liability*

29.   The acts and omissions herein of the individuals employed to collect debts by Defendant FCO, and the other debt collectors employed as agents of Defendant FCO who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant FCO.

30.   The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these

agents were authorized to perform by Defendant FCO in collecting consumer debts.

31.     By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, the Defendant FCO.

32.     Defendant FCO is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

33.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

34.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.   The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

36.   As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: November 2, 2012

**BARRY, SLADE, WHEATON & HELWIG, LLC**

By:  **s/Patrick J. Helwig**
Patrick J. Helwig, Esq.
Attorney I.D.#0391787
2701 University Ave. SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
phelwig@lawpoint.com

**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA               )
                                 ) ss
COUNTY OF HENNEPIN               )

Pursuant to 28 U.S.C. § 1746, Plaintiff Claude E. Cassagne, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____   _____ , _____
             Month          Day      Year

_____
Signature